UNITED STATES v. RAM CHANDRA et al.

(District Court, N. D. California, First Division. August 4, 1917.)

No. 6133.

1. NEUTRALITY LAWS ⬢⇒3—OFFENSES.
   A single individual may violate Criminal Code, § 13 (Comp. St. 1916, § 10177), by providing or preparing the means for a military expedition referred to in the statute.

2. CONSPIRACY ⬢⇒28—SETTING ON FOOT MILITARY EXPEDITION.
   The offense of setting on foot a military expedition against the territory of any foreign prince, etc., with whom the United States are at peace, denounced by Criminal Code, § 13 (Comp. St. 1916, § 10177), does not require such a plurality of agents that those plotting such expedition cannot be punished for conspiracy, under section 37 (section 10201).

3. CONSPIRACY ⬢⇒37—CONSUMMATION OF OBJECT.
   The fact that the object of a conspiracy has been accomplished is no defense.

Ram Chandra and others were indicted under Criminal Code, § 37 (Comp. St. 1916, § 10201), for conspiracy to violate section 13 (section 10177). On demurrers to indictment. Demurrers overruled.

Daniel Yost, for defendants Leonheuser and Von Goltzheim.

Geo. A. McGowan and Charles Sferlazzo, both of San Francisco, Cal., for defendants Ram Chandra, Godha Ram, Sundar Singh Ghalli, Surendra Nath Kar, Ladli Prasad Varma, and Munchi Ram.

Geo. A. McGowan, of San Francisco, Cal., for defendant Von Brincken.

A. P. Black, of San Francisco, Cal., for defendants Deinat and Elbo.

Sullivan & Sullivan and Theo. J. Roche, of San Francisco, Cal., for defendants Bopp, Von Schack, Kaufmann, Rodiek, Bley, and Capelli.

Timothy Healy, of San Francisco, Cal., for defendants Bhagwan Singh, Santokh Singh, Gopal Singh, Bishan Singh, Nehdan Singh, and Ram Singh.

Robert M. Royce, of Oakland, Cal., for defendant Gobind Behari Lal.

Bert Schlesinger and Otto Irving Wise, both of San Francisco, Cal., for defendants Michaels and Hart.

Mrs. A. A. Adams, Asst. U. S. Atty., of San Francisco, Cal.

RUDKIN, District Judge. This indictment was returned under section 37 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. 1916, § 10201]), and charges a conspiracy to violate section 13 of the same Code (section 10177). The former provides that:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or both."

⬢⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The latter provides that:

"Whoever, within the territory or jurisdiction of the United States, begins, or sets on foot, or provides or prepares the means for, any military expedition or enterprise, to be carried on from thence against the territory or dominions of any foreign prince or state, or of any colony, district, or people, with whom the United States are at peace, shall be fined not more than three thousand dollars and imprisoned not more than three years."

[1, 2] A number of the defendants have interposed demurrers to this indictment, but the majority of them have been submitted without argument. The demurrers argued have been pressed largely, if not solely, upon the ground that the offense denounced by section 13 necessarily and logically requires the concurrence of a plurality of agents for its consummation, and that such agents cannot be charged with conspiracy to commit the offense. In other words, it is claimed that the indictment in substance and effect charges a conspiracy to commit a conspiracy which is not permissible under the law.

This argument is based largely on the rule laid down by Wharton:

"When to the idea of an offense plurality of agents is logically necessary, conspiracy, which assumes the voluntary accession of a person to a crime of such a character that it is aggravated by a plurality of agents, cannot be maintained. As crimes to which concert is necessary (i. e., which cannot take place without concert), we may mention dueling, bigamy, incest, and adultery, to the last of which the limitation here expressed has been specifically applied by authoritative American courts. We have here the well-known distinction between concursus necessarius and concursus facultativus, in the latter of which the accession of a second agent to the offense is an element added to its conception, and in the former of which the participation of two agents is essential to its conception; and from this it follows that conspiracy, the gist of which is combination, added to crime, does not lie for concursus necessarius. In other words, when the law says: 'A combination between two persons to effect a particular end shall be called, if the end be effected, by a certain name' —it is not lawful for the prosecution to call it by some other name, and when the law says such an offense—e. g., adultery—shall have a certain punishment, it is not lawful for the prosecution to evade this limitation by indicting the offense as conspiracy." Wharton's Criminal Law (10th Ed.) § 1339.

But, even in the cases suggested by the author, parties who are not necessary participants in the crime may be indicted for a conspiracy to commit the crime.

I fail to see any analogy between the crimes of adultery, bigamy, incest, dueling, or the giver and receiver of a bribe, and the crime denounced by section 13. Doubtless a single individual would not constitute a military expedition, as that term is usually defined, and whether a single individual in an aeroplane, armed with bombs, would constitute a military enterprise, as suggested by one court, I will not inquire.

I see no reason, however, why a single individual may not begin or set on foot a military expedition or enterprise, and more especially why a single individual may not well provide or prepare the means for such an expedition or enterprise. Everything must have a beginning, and this must necessarily be true, if the words "to begin or set on foot" have the broad and comprehensive meaning attributed to them by counsel for the defense. They maintain that an act which would

tend to effect the object of a conspiracy would also constitute the beginning or setting on foot of a military expedition or enterprise. I doubt the soundness of this view, but I have no doubt that a single individual may violate section 13 of the Criminal Code. Thus in Wiborg v. United States, 163 U. S. 632, 648, 16 Sup. Ct. 1127, 1133 (41 L. Ed. 289), the court said:

"We think that it does not admit of serious question that providing or preparing the means of transportation for such a military expedition or enterprise as is referred to in the statute is one of the forms of provision or preparation therein denounced."

Again the court said (163 U. S. 655, 16 Sup. Ct. 1136):

"It is true that the expedition started in the Southern district of New York, and did not come into immediate contact with defendants at any point within the jurisdiction of the United States, as the Horsa was a foreign vessel; but the Horsa's preparation for sailing and the taking aboard of the two boats at Philadelphia constituted a preparation of means for the expedition or enterprise, and if defendants knew of the enterprise when they participated in such preparation, then they committed the statutory crime upon American soil, and in the Eastern district of Pennsylvania, where they were indicted and tried."

It seems manifest that these acts might be committed without a plurality of agents; indeed, while not controlling, it is a significant fact that, for upwards of 100 years Congress has employed the singular number in defining the crime here denounced. I am satisfied, therefore, that there is no inconsistency or repugnancy in charging a conspiracy to violate section 13 of the Penal Code. I have read and examined the authorities cited by the defendants, but have neither the time nor the disposition to review them at length. Suffice it to say I find nothing in them inconsistent with the views here expressed.

[3] Of course, the fact that the object of the conspiracy may have been consummated, if such be the fact, is no defense.

"Again, it is said that, if the evidence proved the petitioner guilty of a conspiracy, it proved him guilty of the substantive offense. It may be that there has been an abuse of indictment for conspiracy, as suggested by Judge Holt in United States v. Kissel [C. C.] 173 Fed. 823, 828; but it hardly is made clear to us that this is an instance. At all events the liability for conspiracy is not taken away by its success—that is, by the accomplishment of the substantive offense at which the conspiracy aims." Heike v. United States, 227 U. S. 131, 144, 33 Sup. Ct. 226, 229 (57 L. Ed. 450, Ann. Cas. 1914C, 128).

The demurrers are accordingly overruled.